WILLIAM H. FOGLER, guardian, *vs.* WILLIAM L. BUCK *et als.*, administrators.

Waldo, October, 1876.—February 22, 1877.

*Trust.*

Where a guardian receives a conveyance of the estate of his ward in his own name and includes it in the inventory as his ward's property, charging the estate of his ward with the expenses incurred in its management and accounting for its proceeds, he is to be regarded as holding the estate in trust.

On the decease of such guardian, the ward being still a minor, a bill in equity may be maintained against the administrator of the deceased guardian to enforce a conveyance of the property thus held in trust and to account for its earnings.

To such bill the ward should be a party, suing by his guardian.

BILL IN EQUITY. Submitted upon an agreed statement of facts, which sufficiently appear in the opinion.

*W. H. Fogler*, for the plaintiff.

*J. Williamson*, for the defendants, submitted without argument.

APPLETON, C. J. William McGilvery was duly appointed guardian of the complainant's ward, George W. Drinkwater, on the second Tuesday of January, 1872, and, as such, took possession and control of all his ward's estate including one-fourth of the bark "Anna Walsh" of New York. This quarter became the property of the ward as heir of his deceased father. On the 22d April, 1872, Isadora Ward, administratrix of the estate of the ward's father, conveyed this quarter by a bill of sale in usual form to said McGilvery. The purpose of the conveyance was to transfer the title from the estate of the ward's father to McGilvery as guardian of his said ward. McGilvery in his inventory of the estate of his ward has included the quarter of the bark; and, in his accounts with the estate of his ward, has charged the same with the expenses, such as insurance, &c., of the quarter and credited the same with its earnings.

The title to the quarter of the Anna Walsh was in McGilvery as guardian and in trust for his ward. The plaintiff, as guardian, may enforce his ward's rights by a bill in equity and compel a

conveyance from the administrator of W. McGilvery.   *Brown* v. *Dunham*, 11 Gray, 42.   Story Eq., § 317.   *Atkinson* v. *Atkinson*, 8 Allen, 15.

The conveyance should be to the ward.   The property is his. The trust of the guardian consists in the control and management of the estate of the ward while a minor.   *Moore* v. *Hazelton*, 9 Allen, 102.

The ward is properly a party to the bill, and the conveyance should be to him.

The bill may be amended and upon its being amended, the complainant will be entitled to a decree of conveyance as prayed for, and that the defendants account for the earnings of the bark which have come into their hands since the decease of their intestate.

Dickerson, Barrows, Danforth, Peters and Libbey, JJ., concurred.